UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARLIN QUINONEZ PEREZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DAVID WESLING et al., ) <br> ) <br> Respondents. ) <br> ) | Civil No. 25-13445-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 19, 2025

SOROKIN, J.

Harlin Quinonez Perez, a citizen of Guatemala who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

In September 2019, Quinonez Perez entered the United States without inspection. Doc. No. 1 ¶ 11. He has lived in this country ever since and has no criminal record. Id. ¶¶ 11, 13. Recently, Quinonez Perez was arrested by Immigration and Customs Enforcement ("ICE") in Chelsea, Massachusetts. Id. ¶ 12. He has been placed in removal proceedings and is detained at Plymouth County Correctional Facility. Id. ¶¶ 6, 12.

On November 5, 2025, Quinonez Perez was one of several immigration detainees who filed a joint habeas petition that was assigned to another session of this Court. Id. ¶ 14. Yesterday morning, after the respondents had answered that petition, Judge Stearns issued an electronic order finding "that multi-petitioner joint habeas petitions are improper vehicles for individual petitioners" to challenge their detention. See Order, Alcantara Lugo v. Hyde, No. 25-

cv-13296-RGS (D. Mass. Nov. 18, 2025), ECF No. 9.  On that basis, and without reaching the merits of the pending claims, Judge Stearns dismissed the action without prejudice to each of the petitioners filing an individual petition.  Id.

Quinonez Perez promptly did so, filing the petition that initiated this action yesterday evening.  Doc. No. 1.  The petition raises a core challenge that echoes those alleged by petitioners in other cases this Court has recently decided.  See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  When the respondents answered the original joint petition before Judge Stearns, they acknowledged as much.  See Resp. Habeas Pet. at 5, Alcantara Lugo v. Hyde, No. 25-cv-13296-RGS (D. Mass. Nov. 17, 2025), ECF No. 8 (following objection to joint petition with short paragraph conceding "the legal issues presented" here are "similar to those addressed" by Judge Stearns in cases granting relief where circumstances and legal reasoning were analogous to Garcia and Encarnacion).  On the merits, the respondents' submission suggested no further briefing or argument was warranted.  Id.

In light of the foregoing events and submissions, the Court finds no further briefing from the respondents is necessary and proceeds to resolve the petition now, having reviewed and considered the respondents' answer filed in the predecessor case.[1]  The Court adheres to its prior reasoning, as described in the cases cited above—and as about a dozen other judges in this District (including Judge Stearns) have done in similar circumstances.  Thus, the Court concludes that Quinonez Perez is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass.

---

[1] If the respondents object to this approach and wish to submit further briefing in this action, they may file a response within three business days of this Order and as part of that filing may ask the Court to stay the ruling made in this Order.

2

July 7, 2025) (slip copy); <u>Romero v. Hyde</u>, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).  Thus, he is entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Quinonez Perez unless he is provided a bond hearing under 8 U.S.C. § 1226(a) <u>within seven days of this Order</u>;[2] and 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

    /s/ Leo T. Sorokin
United States District Judge

---

[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 42 (1st Cir. 2021).